UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                        Case No. 12-11752

MICHIGAN DEPARTMENT OF MILITARY &
VETERANS AFFAIRS and MICHIGAN YOUTH
CHALLENGE ACADEMY,

    Defendants.
                                          /

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' "MOTION TO DISMISS" AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITH MORE DEFINITE STATEMENT**

Before the court is Defendants Michigan Department of Military & Veterans Affairs and Michigan Youth Challenge Academy's motion to dismiss, in which Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, an order, pursuant to Rule 12(e), directing Plaintiff to file an amended complaint with a more definite statement  Having reviewed the motion and subsequent briefing, the court concludes that a hearing is not necessary.  E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, Defendants' motion will be granted in part.  Plaintiff Anderson Lee Fernanders will be directed to file an amended complaint containing a more definite statement of the legal bases on which his claims rest.

### I.  STANDARD

Under Rule 12(e), a district court has the discretion to grant a party's request for a more definite statement if the pleading complained of "is so vague or ambiguous that

the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Likewise, Federal Rule of Civil Procedure 8(a) establishes the requirements of a complaint. Rule 8 requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id.* at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Id.* at 1949 (citations omitted). Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Federal Rule of Civil Procedure 10 establishes the required form of pleadings, including complaints. A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count" when doing so would increase the clarity of the complaint. Fed. R. Civ. P. 10(b) (emphasis added).

## II. DISCUSSION

On April 19, 2012, Plaintiff initiated the above-captioned case against Defendants. In his pro se complaint, Plaintiff asserts the following three counts arising from his termination as an employee at the Michigan Youth Challenge Academy: (1) "Individual Disparate Treatment"; (2) "Breach of Express or Implied Contracts or Even Speculation of Bad Faith and Unfair Dealing"; and (3) "Wrongful Discharge and Termination." Plaintiff confusingly states that these three claims are based on no less than seven federal statutes and various state-law tort and contract doctrines, including, for example, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; the Racketeering and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*; 42 U.S.C. §§ 1981, 1983; and § 301 of the Labor Management and Relations Act, 29 U.S.C. § 185.

Defendants have moved to dismiss the Complaint, arguing that Plaintiff has not satisfactorily alleged a disparate treatment claim under Title VII and that to the extent Plaintiff seeks monetary damages or prospective relief under § 1983 or state tort and

contract law, Defendants, as agencies of the State of Michigan are immune from suit in federal court under the Eleventh Amendment.  In the alternative, Defendants claim that the Complaint is vague and confusing and request that the court direct Plaintiff, pursuant to Rule 12(e), to file an amended complaint with a more definite statement.  Given the ambiguity of the Complaint, the court is not able to decipher the legal theories underlying each of Plaintiff's three claims, and finds that a more definite statement is necessary before a ruling can be made as to the sustainability of the Complaint.

Even when viewed with the leniency the court accords to pro se filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), there is simply no way for the court to determine the legal basis for each of Plaintiff's claims without doing what the court should not, i.e., interpreting and developing legal arguments for him.  Despite Plaintiff's pro se status, he must meet the pleading requirements of Rule 8.  Specifically, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  As it now stands, the Complaint's inconsistent and illogical references to both actual and non-existent federal statutes and state-law causes of action makes the Complaint so vague that Defendants cannot reasonably prepare a response.  For example, Plaintiff appears to state that Count II of the Complaint, entitled "Breach of Express or Implied Contracts or Even Speculation of Bad Faith and Unfair Dealing," is a breach of contract claim, a "constitutional tort action" under § 1983, a Title VII claim, and a claim under § 301 of the LMRA, all rolled into a single Count.  Plaintiff's rote citations to so many statutes and causes of actions makes his Complaint too incoherent to provide any meaningful notice to Defendants.

The court will therefore order Plaintiff to file an amended complaint that complies

with the Federal Rules of Civil Procedure and provides Defendants with "fair notice of what the claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Specifically, Plaintiff is instructed that, for each count of his amended complaint, he must clearly state the legal basis of for each claim and include factual allegations sufficient to establish the claim. Conclusorily stating, as Plaintiff does in the Complaint, that Defendants violated his rights under a laundry list of federal statutes is insufficient to establish a claim for relief under the Federal Rules of Civil Procedure.

### III.  CONCLUSION

IT IS ORDERED that Defendants' motion to dismiss [Dkt. # 16] is GRANTED IN PART.  It is GRANTED with respect to Defendants' request that Plaintiff be ordered to file an amended complaint containing a more definite statement of his claims.[1]  Plaintiff shall file an amended complaint complying with this order on or before **August 31, 2012**.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-11752.FERNANDERS.Defs.Mot.Dismiss.More.Definite.Statement.jrc.wpd

---

[1] This order in no way prejudices Defendants right to challenge the sufficiency under Rule 12 of Plaintiff's forthcoming amended complaint.