**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                                        Case No. 12-11752

MICHIGAN DEPARTMENT OF MILITARY &
VETERAN AFFAIRS and MICHIGAN YOUTH
CHALLENGE ACADEMY,

    Defendants.
                                               /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' SECOND MOTION TO DISMISS**

Defendants the Michigan Department of Military and Veteran Affairs and Michigan Youth Challenge Academy move to dismiss Plaintiff's amended complaint under Rule 12(b)(6). Plaintiff failed to file a response, but a hearing is unnecessary to resolve the motion. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part and deny in part Defendants' motion.

**I. BACKGROUND**

The Department of Military and Veterans Affairs ("Department") hired Plaintiff on September 8, 2010. Plaintiff worked as a Youth Cadre Aide, a position similar to a youth counselor, for the Department's Michigan Youth Challenge Academy ("Academy"). The Academy is a residential program for at-risk youth that seeks to improve the lives of high school dropouts and make them productive citizens. The Academy cultivates a quasi-military environment and requires Youth Cadre Aides to wear military-style uniforms and comply with military procedures.

When hiring him, Defendants knew that Plaintiff lacked military experience. Plaintiff's employment with the Department was temporary and scheduled to expire "on 12/31/2010 or sooner with notice." (Defs.' Mot. Dismiss Ex. A at 8, Dkt. # 9-2.) His job duties included supervising the cadets, assuring compliance with safety policies, reinforcing behavior expectations, accompanying the cadets on field trips, serving as a role model, and conducting presentations for the public. Plaintiff also coached a basketball team, but after their first game, Plaintiff was ordered to disband the team. While employed, Plaintiff was a member of AFSCME AFL-CIO, a union for public service employees.

Defendants terminated Plaintiff on December 10, 2010, explaining that his limited-term appointment was set to expire and that he "lacked the military skills needed to function effectively in the position." (Defs.' Mot. Dismiss Ex. A at 8, Dkt. # 9-2.) Plaintiff filed a complaint with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC") in March 2011 alleging that he was terminated because he is black. The Department of Civil Rights dismissed the complaint for insufficient evidence. The EEOC adopted that same finding and provided Plaintiff with a Right-to-Sue letter on February 20, 2012.

Plaintiff filed in this court a pro se complaint alleging racial discrimination by Defendants. Defendants moved to dismiss under Rule 12(b)(6) or, in the alternative, for an order directing Plaintiff to file an amended complaint with a more definite statement pursuant to Rule 12(e). The court granted the motion in part and directed Plaintiff to file an amended complaint by August 31, 2012. (Order at 5, Dkt. # 7.) Plaintiff filed his

amended complaint on September 4, 2012, after which Defendants again moved for dismissal under Rule 12(b)(6).

## II. STANDARD

A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is "interpreted in conjunction with Federal Rule of Civil Procedure 8, requiring a short and plain statement of the claim." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011). The purpose of Rule 8 is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conely v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Pro se complaints, however, are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005). In doing so, the court must "draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet the court

"need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III.  DISCUSSION

Plaintiff's amended complaint includes four counts. Defendants argue that each count should be dismissed under Rule 12(b)(6) for failing to state a claim for relief.

### A.  Count I

Count I of Plaintiff's amended complaint alleges individual disparate treatment in violation of Title VII. 42 U.S.C. § 2000e-2. Plaintiff asserts that he suffered disparate treatment because Defendants ordered him to disband his basketball team due to his race. Defendants argue that Plaintiff has failed to allege facts to satisfy a prima facie claim for disparate treatment.

In order to survive a motion to dismiss, "a plaintiff who assert[s] federal employment-discrimination claims [is] not required to plead facts establishing a prima facie claim for relief." *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007). "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Instead, "an employment-discrimination plaintiff satisfies her pleading burden by drafting a 'short and

4

plain statement of the claim' consistent with Federal Rule of Civil Procedure 8(a)." *Lindsay*, 498 F.3d at 439 (citing *Swierkiewicz*, 534 U.S. at 508).

However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not a "probability requirement," but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff claims that Defendants disbanded his basketball team because he is black but allowed two white employees to continue coaching their sports teams. Yet Plaintiff does not allege any facts to give rise to a facially plausible disparate treatment claim. Plaintiff simply states that "the reasons for disbanding the basketball team were due to him being Black." (Pl.'s Am. Compl. ¶ 52, Dkt. # 8.) Such a conclusory statement, without any additional factual allegations, is "merely consistent with a defendant's liability [and] stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's disparate treatment claim is accordingly dismissed for failure to state a claim for relief.

### B. Count II

Count II of Plaintiff's amended complaint is entitled "Breach of Express or Implied Contracts or Even Speculation of Bad Faith and Unfair Dealing." (Pl.'s Am. Compl. at 17, Dkt. # 8.) Defendants argue that Plaintiff failed to adequately notify Defendants of the nature of the claim and the grounds upon which it rests. Alternatively, Defendants

consider the Count to be a breach of contract claim arising under state law that is barred by the Eleventh Amendment.

The Count states that Defendants committed "intentional breach of express or implied contracts based on provisions contained in employee handbooks and other documents." (Pl.'s Am. Compl. at 18, Dkt. # 8.) Plaintiff appears to confuse the collective bargaining agreement ("Agreement") between Plaintiff's union and Defendants for a contract to which he is a party. The Count alleges, "The [D]efendants' foregoing conduct . . . [constituted an] express violation of Article 19 Section G, and Article 19 Section J of Plaintiff and Defendant's AFSCME AFL-CIO Collective Bargaining Agreement." (*Id.*) Article 19, Section G states that the parties to the Agreement are subject to Michigan Civil Service Rules and Regulations. (*Id.* ¶ 8.) The amended complaint lists Michigan Civil Service Rule 1-8.1(a), which states that no civil service staff member may discriminate against an individual with respect to employment because of race. (*Id.* ¶ 5.) Article 19, Section J of the Agreement reads, "The Employer agrees to a policy against all forms of illegal discrimination." (*Id.* ¶ 9.) Plaintiff further alleges that "§ 301 [of the Labor Management Relations Act ("LMRA")] creates a cause of action [for] a party to a collective bargaining agreement." (*Id.* at 19.) "An employee may bring an action under § 301 against his employer if he has been dismissed in violation of the collective bargaining agreement." *Alford v. Gen. Motors Corp.*, 926 F.2d 528, 530 (6th Cir. 1991) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976)). Count II therefore adequately notifies Defendants that Plaintiff has not alleged a state law breach of contract claim, but rather seeks relief under § 301 of the LMRA for violating two provisions of the Agreement.

However, Plaintiff's status as a public employee bars him from bringing a claim under the LMRA. "Public employees of the political subdivisions of a state are not governed by the federal labor laws." *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 331-32 (6th Cir. 1987) (citing 29 U.S.C. § 152(2)); *see also Richards v. Ohio Civil Serv. Emps. Ass'n*, 205 F. App'x 347, 354 (6th Cir. 2006) ("[T]he LMRA expressly excludes public employers—and by association, public employees—from its coverage."). The Michigan Department of Military and Veterans Affairs is a principal department of the State of Michigan. Mich. Const. art. 5, §§ 2-3. The Michigan Youth Challenge Academy is administered by the Michigan Department of Military and Veterans Affairs. Both organizations, therefore, are public employers. Plaintiff belonged to AFSCME AFL-CIO, a union for public service employees, while employed by Defendants. (Pl.'s Am. Compl. ¶ 78, Dkt. # 8.) Plaintiff, as a public employee working for a political subdivison of Michigan, cannot seek relief under the LMRA. Accordingly, Count II is dismissed pursuant to Rule 12(b)(6).

### C. Count III

Plaintiff labeled Count III of his amended complaint as "Wrongful Discharge and Termination." (*Id.* at 19.) While Defendants characterize the Count as a state law claim, the Count alleges that Defendants took actions against Plaintiff that are "prohibited by Title VII." (*Id.* at 20.) Plaintiff claims he was terminated because he is black and proceeds to cite the *McDonnell Douglas* standard for establishing a prima facie discrimination claim. (*Id.* at 23.) Documents filed by pro se litigants are "to be liberally construed" and "must be held to less stringent standards than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Accordingly,

Count III is sufficiently pleaded to put Defendants on notice that Plaintiff seeks relief under Title VII for being terminated due to his race.

Defendants argue that the Count is barred by the Eleventh Amendment. But "the Eleventh Amendment does not preclude a federal count against a state under Title VII." *Freeman v. Mich. Dep't of State*, 808 F.2d 1174, 1177 (6th Cir. 1987). Defendants also assert that the Count does not contain sufficient factual allegations to state a claim for relief. As has already been noted for federal employment-discrimination claims, Plaintiff is not required to plead facts to establish a prima facie claim for relief, *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007), but instead must plead enough facts to create a facially plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants terminated Plaintiff twenty-one days before the expiration of his temporary employment, stating that he "lacked the military skills needed to function effectively in the position." (Defs.' Mot. Dismiss Ex. A at 8, Dkt. # 9-2.) Plaintiff claims that he was not terminated due to his poor job performance, but instead because he is black. (Pl.'s Am. Compl. at 20, Dkt. # 8.) Plaintiff alleges that Defendants did not assess his job performance, place him on a corrective action plan, or provide him with any verbal or written discipline to indicate that his lack of military experience was negatively affecting his job performance. (*Id.* ¶ 69.) Furthermore, Plaintiff claims that on the day he was terminated, Defendants hired a Youth Cadre Aide who was white and less qualified than Plaintiff to work with at-risk youth. (*Id.* ¶ 74.) Construing the Count liberally, as is required for pro se complaints, Plaintiff has pleaded sufficient facts to state a facially plausible claim for racial discrimination under Title VII.

### D. Count IV

Plaintiff's final Count alleges civil conspiracy. He claims that Defendants' upper management conspired to terminate him and deny him unemployment benefits in violation of 18 U.S.C. § 241 and Michigan law. (*Id.* at 24.) The former is a criminal statute that assigns criminal penalties for committing conspiracy. 18 U.S.C. § 241. "[A] private citizen does not have the authority to initiate a federal criminal prosecution." *Fritchey v. Chater*, 145 F.3d 1331, 1331 (6th Cir. 1998) (unpublished) (citing *Cok v. Cosentino*, 786 F.2d 1, 2 (1st Cir. 1989)). Plaintiff, therefore, cannot seek relief under 18 U.S.C. § 241.

Under Michigan law, a civil conspiracy is "(1) a concerted action (2) by a combination of two or more persons; (3) to accomplish an unlawful purpose; (4) or a lawful purpose by unlawful means." *Mays v. Three Rivers Rubber Corp.*, 352 N.W.2d 339, 341 (Mich. Ct. App. 1984) (citing *Fenestra Inc. v. Gulf Am. Land Corp.*, 141 N.W.2d 36, 48 (Mich. 1966)). Plaintiff alleges that Defendants "direct[ed]" his supervisor "to make false statement[s] regarding [his] employment." (Pl.'s Am. Compl. ¶ 63 Dkt. # 8.) He then concludes that "the fair inference to be drawn" from the allegations is that Defendants conspired to terminate his employment and deny him unemployment benefits because he is black. (*Id.* at 25.) But Plaintiff does not plead factual allegations that suggest multiple upper management employees at the Academy engaged in concerted action to terminate him because of his race. Count IV of Plaintiff's amended complaint does not plead a facially plausible civil conspiracy claim, and dismissal is warranted.

### IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendants' second motion to dismiss [Dkt. # 9] is GRANTED IN PART AND DENIED IN PART.  It is GRANTED in that Counts I, II, and IV of Plaintiff's amended complaint are DISMISSED WITH PREJUDICE.  It is DENIED in that Count III of Plaintiff's amended complaint states a claim for relief.

   s/Robert H. Cleland                   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 6, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2012, by electronic and/or ordinary mail.

   s/Lisa Wagner                            
Case Manager and Deputy Clerk
(313) 234-5522