**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                                    Case No. 12-11752

MICHIGAN DEPARTMENT OF MILITARY
AND VETERAN AFFAIRS and
MICHIGAN YOUTH CHALLENGE
ACADEMY,

    Defendants.
                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND
MOTION TO EXTEND THE DISCOVERY DEADLINE**

*Pro se* Plaintiff Anderson Fernanders has filed three motions to compel and a motion to extend the current discovery deadline of April 29, 2013. The first two motions to compel, (Dkts. # 18 & 22), have been fully briefed. While Defendants have not yet responded to the third motion to compel, (Dkt. # 29), as the response deadline has not passed, the motion raises the same issues as its predecessors such that Defendants' response is unnecessary for the court to issue a ruling. A hearing on the motions is also not needed. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Plaintiff's motions to compel and motion to extend the discovery deadline.

**I. DISCUSSION**

**A. Motions to Compel**

A party may serve on any other party interrogatories, document requests, and requests to admit that are "relevant" under Federal Rule of Civil Procedure 26(b). Fed.

R. Civ. P. 33(a)(2), 34(a)(1), 36(a)(1).  Plaintiff's three motions seek to compel complete responses to forty-two interrogatories, document requests, and requests to admit. These discovery requests, however, suffer from vague language and an expansive scope that render them overbroad and unlikely to generate relevant evidence.  For example, Document Request # 8 asks Defendants to produce "[a]ll documents, [sic] regarding, reflecting, concerning, pertaining to or evidencing any action or inaction taken by Defendant with respect to an employee being suspended with or without pay." (Dkt. # 18 at Pg 32.)  In addition to being impermissibly vague, Document Request # 8 is unduly burdensome on Defendant the Department of Military and Veterans Affairs, a state-wide government agency with dozens of offices and hundreds of employees. Furthermore, many of the discovery requests seek information that is irrelevant to Plaintiff's sole remaining claim for race discrimination under Title VII.

Given the ambiguous and broad language used throughout the discovery requests, Defendants' responses are proper.  While Plaintiff may be dissatisfied with Defendants' responses, he has not demonstrated that any of the discovery requests deserve a supplemental response.  Plaintiff is not "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citation omitted).  The motions to compel will be denied.

### B. Motion to Extend the Discovery Deadline

Plaintiff also moves the court to extend the current discovery deadline of April 29, 2013.  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Plaintiff offers three reasons why the deadline

should be extended.  First, Plaintiff claims that additional time is needed for the court to rule on Plaintiff's motions to compel.  This order resolves all pending motions to compel, and thus moots Plaintiff's concern.  Second, Plaintiff contends that he needs time to analyze the discovery withheld by Defendants in order to narrow the issues in the case and determine whether additional witnesses should be deposed.  As the motions to compel will be denied, there is no forthcoming information from Defendants for Plaintiff to consider.  Finally, Plaintiff requests additional time to object to Defendants' responses to Plaintiff's third set of requests for admission.  Those responses were due on April 24, 2013, leaving Plaintiff five days before the close of discovery to object to the responses and seek the court's relief.  No explanation has been provided as to why additional time is warranted.

Plaintiff has not shown good cause for amending the scheduling order and extending the discovery deadline.  The motion will be denied.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motions to compel [Dkts. # 18, 22, 29] are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to extend the discovery deadline [Dkt. # 21] is DENIED.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2013, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522