**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                                    Case No. 12-11752

MICHIGAN DEPARTMENT OF
MILITARY & VETERAN AFFAIRS and
MICHIGAN YOUTH CHALLENGE
ACADEMY,

    Defendants.
                                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

      Before the court is Plaintiff Anderson Lee Fernanders's motion to amend his complaint pursuant to Federal Rule of Civil Procedure Rule 15(a). Plaintiff filed his original complaint on April 19, 2012. Defendants Michigan Department of Military & Veteran Affairs and Michigan Youth Challenge Academy moved to dismiss. The court granted the motion in part, ordering Plaintiff to file an amended complaint containing a more definite statement of his claims. Defendants again moved to dismiss. The court dismissed every count except for Plaintiff's allegation of racial discrimination under Title VII, 42 U.S.C. § 2000e-2. Discovery closed on April 29, 2013. On May 17, 2013, more than two weeks after the close of discovery, and over a year from the filing of his original complaint, Plaintiff moved to amend his complaint. Defendant responded, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Plaintiff's motion.

Rule 15 governs when a pleading may be amended. After twenty-one days of serving a pleading or service of a responsive pleading, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15 (a)(1)–(2). Courts "should freely give leave when justice so requires." *Id.* Leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Whether an amendment is granted is subject to the district court's discretion. *Id.*

Although Rule 15(a) suggests that leave to amend should be freely given, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 2012 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)). Plaintiff waited until after the close of discovery to move to amend his complaint. Defendants have also timely filed a motion for summary judgement. (Dkt. # 33.) Granting leave would require reopening discovery and another round of dispositive motions, thereby causing prejudice to Defendants and undue delay. *See Foreman*, 371 U.S. at 182.

Plaintiff was already granted leave to amend his complaint once. (Dkt. # 7.) On Defendants' motion, the court dismissed all but Plaintiff's Title VII claim. (Dkt. # 12.) The proposed amended complaint alleges eight counts. Four of these counts merely repeat claims that the court previously considered when ruling on Defendants' motion to

dismiss.  Plaintiff's four new counts come too late to proceed without causing undue delay and prejudice.  Accordingly,

IT IS ORDERED that Plaintiff's motion to amend the complaint [Dkt. # 31] is DENIED.

    s/Robert H. Cleland              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner                    
Case Manager and Deputy Clerk
(313) 234-5522