UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                                          Case No. 12-11752

MICHIGAN DEPARTMENT OF
MILITARY & VETERAN AFFAIRS and
MICHIGAN YOUTH CHALLENGE
ACADEMY,

    Defendants.
                                              /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**

*Pro se* Plaintiff Anderson Fernanders moves under Federal Rules of Civil Procedure 60(b)(1) and (6) for relief from the court's May 9, 2013 order that denied three motions to compel and a motion to extend discovery deadlines. Defendants have not responded to Plaintiff's motion, but no response is needed for the court to rule, nor is a hearing required. *See* E.D. Mich. LR 7.1(f)(1-2). In the interest of generously construing this *pro se* litigant's papers, the court will consider Plaintiff's brief in the alternative as a motion to reconsider. As explained below, the motion will be denied.

**I. DISCUSSION**

**A. Relief from Order**

When bringing a motion for relief from an order under Rule 60(b) a movant "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Plaintiff first seeks relief under Rule 60(b)(1). Plaintiff must demonstrate: (1) the

existence of mistake, inadvertence, surprise, or excusable neglect and (2) that if the order were set aside he could mount a meritorious claim. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980) (citations omitted).

Plaintiff does not present any evidence that mistake, inadvertence, surprise, or excusable neglect caused the court to deny his motions. Instead, he disagrees with the court's reasons for denying his requests to compel discovery and offers alternative arguments in support of his discovery requests. In several instances he merely restates verbatim arguments that he made in his motions to compel. (*Compare* Dkt. # 32 at Pg ID 527 *with* Dkt. # 18 at Pg ID 192.) "Rule 60(b) does not allow a defeated litigant a second chance to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Plaintiff does not meet his burden of establishing grounds for relief under Rule 60(b)(1).

Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks*, 250 F.3d at 387. The exceptional circumstances require "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). Plaintiff does not argue that exceptional circumstances exist requiring relief from the court's order. He simply claims that his case would be improved if the court granted his motions to compel and motion to extend discovery deadlines. (Dkt. # 32 at Pg ID 528.) Plaintiff has not stated grounds for relief under Rule 60(b)(6).

### B. Motion for Reconsideration

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Though Plaintiff disagrees with the court's view that his discovery requests were "vague," "overbroad," and "unlikely to generate relevant evidence," (Dkt. # 30 at Pg ID 397), he does not establish any defect in the court's analysis which would lead to an outcome in his favor. Therefore, even if Plaintiff's motion is construed as one for reconsideration, it will be denied for failing to identify a palpable defect.

### II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion for relief from order [Dkt. # 32] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522