# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                        Case No. 12-11752

MICHIGAN DEPARTMENT OF
MILITARY & VETERAN AFFAIRS and
MICHIGAN YOUTH CHALLENGE
ACADEMY,

    Defendants.
                                           /

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

*Pro se* Plaintiff Anderson Fernanders moves for relief from the court's June 20, 2013 order denying Plaintiff leave to amend his complaint. Defendants responded, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(1-2). Plaintiff brings his motion for relief under Federal Rules of Civil Procedure 60(b)(1) and (6). In the interest of liberally construing this *pro se* litigant's papers, the court will consider Plaintiff's brief in the alternative as a motion to reconsider. As explained below the motion will be denied.

## I. DISCUSSION

### A. Relief from Order

When bringing a motion for relief from an order under Rule 60(b) a movant "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)). Plaintiff first seeks relief under Rule 60(b)(1), in which he must demonstrate (1) the existence of

mistake, inadvertence, surprise, or excusable neglect, and (2) that if the order were set aside he could mount a meritorious claim. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980) (citations omitted).

Plaintiff alleges that "significant factual and procedural developments" have occurred since he filed his amended complaint, but does not elaborate on what developments occurred. (Dkt. # 40 at Pg ID 832.) More importantly, Plaintiff gives no specific evidence of mistake, inadvertence, surprise or excusable neglect. Nor does he point to new evidence that the court failed to consider in its June 20 order. Instead, he disagrees with the court's ruling that his post-discovery motion to amend presented no new meritorious claims and came so late as to prejudice Defendants. (Dkt. # 40 at Pg ID 832-33.) "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Couch v. Travelers Ins. Co.*, 551 F.2d 958, 959 (5th Cir. 1977)). Plaintiff does not meet the burden of establishing grounds for relief under Rule 60(b)(1).

Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Id.* at 387. The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff does not demonstrate that exceptional circumstances exist which require relief from the court's order denying his motion to amend. He simply contends that his amended complaint would not prejudice Defendants and that permitting it serves the

interests of justice.  (Dkt. # 40 at Pg ID 833-34.)  Thus, Plaintiff has not stated grounds for relief under Rule 60(b)(6).

## B. Motion for Reconsideration

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain."  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Though Plaintiff disagrees with the court's view that his proposed amended complaint would be prejudicial to Defendants, he does not identify any defect in the court's analysis which would lead to an outcome in his favor.  Therefore, even if Plaintiff's motion is construed as one for reconsideration, it will be denied for failing to establish a palpable defect.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion for relief [Dkt. # 40] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 25, 2013, by electronic and/or ordinary mail.

                                        s/Richard Loury for Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522