# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                            Case No. 12-11752

MICHIGAN DEPARTMENT OF MILITARY
AND VETERANS AFFAIRS and MICHIGAN
YOUTH CHALLENGE ACADEMY,

    Defendants.

                                          /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On April 19, 2012, *pro se* Plaintiff Anderson Fernanders sued Defendants, the Michigan Department of Military and Veterans Affairs and the Michigan Youth Challenge Academy, on various claims relating to his employment discharge from the Michigan Youth Challenge Academy. On December 6, 2012, the court granted Defendants' motion to dismiss on all counts but one: Plaintiff's Title VII claim for wrongful discharge and termination. Subsequently, the court granted Defendants' motion for summary judgment with respect to Plaintiff's single-motive Title VII claim and ordered supplemental briefing regarding his mixed-motive Title VII claim. Plaintiff then filed a motion for reconsideration of that order. For the reasons that follow, Defendants' motion for summary judgment will be granted and Plaintiff's motion for reconsideration will be denied.

## I. BACKGROUND

The complete background is fully set forth in the court's order granting Defendants' motion for summary judgement with respect to Plaintiff's single-motive claim and will not be repeated here. In short, Plaintiff worked as a Youth Cadre Aide, essentially a youth counselor, for the Department of Military and Veterans Affairs Michigan Youth Challenge Academy (the "Academy"), a residential program for high school dropouts. (Pg ID 115) Plaintiff struggled in the Academy environment and was eventually terminated on December 10, 2010, two weeks before his limited-term appointment was set to expire. (Pg ID 137, 558.) Plaintiff was involved in two incidents which negatively reflected on his job performance. Although Plaintiff was allowed to form a basketball team at the Academy, he did not receive permission to take the team off site for games, but did so anyway. (Pg ID 556.) After the incident, Plaintiff was instructed to disband the team. (*Id.* at Pg ID 638.) In the second incident, Plaintiff was charged with supervising a movie night, and allowed a movie with "inappropriate scenes of sexual content" to be shown. (Pg ID 557.) In addition, Plaintiff's supervising officer noted that Plaintiff "had difficulty understanding military protocols," "would take actions without obtaining the proper authority," "had difficulty establishing a command presence with the youth," and, unlike his fellow cadre aides, "used a style that was more casual or 'laid back'" when commanding students. (Pg ID 555). After Plaintiff's termination, Defendants hired white employees. (Pg ID 511.)

## II. DISCUSSION

### A. Defendants' Motion for Summary Judgment

Under Title VII, "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). "A Title VII plaintiff asserting a mixed-motive claim need only produce evidence sufficient to convince a jury that: [1)] the defendant took an adverse employment action against the plaintiff; and [2)] race, color, religion, sex, or national origin was *a* motivating factor for the defendant's adverse employment action." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008) (internal quotation marks omitted).

Plaintiff's burden of producing evidence to support a mixed-motive claim "is not onerous and should preclude sending the case to the jury only where the record is devoid of evidence that could reasonably be construed to support the plaintiff's claim." *Id.* The "ultimate question" in a mixed-motive analysis is simply "whether there are any genuine issues of material fact concerning the defendant's motivation for its adverse employment decision, and, if none are present, whether the law . . . supports a judgment in favor of the moving party on the basis of the undisputed facts." *Id.* at 402. Nonetheless, Plaintiff "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

Plaintiff points to several incidents to support his discrimination claim. First, Plaintiff argues that a white person lacking military experience, Mr. Ben Wallace, was hired as the Departmental Manager at the Academy. However, as the court noted under a single-motive discrimination analysis, Wallace was hired to work as the Department Manager, a position which did not require military experience; Plaintiff's position was one where military experience was considered strongly desirable. (Pg ID 639, 560.) Second, Plaintiff recounts that while Plaintiff's basketball team was required to disband during his tenure at the Academy, Mr. Czerniak and Mr. Hoaglin, white cadre aides who coached other sports teams, were allowed to continue coaching their respective teams. However, Plaintiff admits taking the basketball team off site without approval of the Master Sergeant, and that the team was disbanded only after this incident. (Pg ID 646, 638.) Next, Plaintiff admits that while supervising a movie night, he allowed a movie with scenes containing sexual content to be shown, however, he notes that a white cadre aide, Mr. Beamsederfer, brought the movies into the office and failed to remove them after he was ordered to do so. Bringing inappropriate movies to the office is not equivalent to actually exposing youth to inappropriate material. Finally, Plaintiff argues that he was replaced by a white employee yet he admits that "Defendants replaced Plaintiff *and a white cadre* [aide] whom they did not name with white employees for the position . . . after Plaintiff's termination." (Pg ID 927 (emphasis added).) In each instance, Plaintiff fails to connect the occurrence to race in any meaningful way. A reasonable trier of fact could not conclude, based on the available record, that Plaintiff was terminated in part because of his race.

Plaintiff has not met his burden. Quite simply, he "has not presented any evidence that the termination of [his] employment was motivated in part by discriminatory animus." *Megivern v. Glacier Hills Inc.*, 519 F. App'x 385 (6th Cir. 2013). Plaintiff has not offered any demonstration of racial animus on behalf of the Defendants. "In assessing whether an employee has demonstrated that an illegitimate reason was a motivating factor in the employer's adverse decision, the court should also consider evidence presented by the employer that the protected characteristic was *not* a motivating factor for its employment decision. *Wright v. Murray Guard*, Inc., 455 F.3d 702, 720 (6th Cir. 2006). The facts conclusively show that Plaintiff was terminated "because his lack of military experience combined with the choices he made indicated that he was not a good fit . . . .[R]ace was not a factor." (Pg ID 557–58.) Plaintiff has not identified any facts that would allow a reasonable jury to find in his favor. As such, summary judgment with respect to Plaintiff's mixed-motive race discrimination claim will be granted.

### B. Plaintiff's Motion for Reconsideration

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Contrary to Plaintiff's protestations, the court did not weigh the evidence to determine the truth of the matter, but rather, simply determined that the evidence

produced created no *genuine* issue for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Plaintiff does not now specifically articulate how this conclusion was in error. Instead, Plaintiff reasserts arguments already considered, and rejected, and discusses inapposite cases—extensively, and sometimes without any application to the facts of this case. A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Plaintiff is not able to avoid summary judgment simply by arguing, no matter how adamantly, that Defendants discriminated against him on the basis of his race, "with the hope that something can be developed at trial." *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir. 1979) (quoting *First Nat'l Bank v. Cities Serv.*, 391 U.S. 253, 289-90 (1968)); *see also Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1275 (6th Cir. 1974) ("[W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden."). Because Plaintiff has not identified any defect in the court's analysis which would lead to an outcome in his favor, his motion for reconsideration will be denied.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion for summary judgment, [Dkt. # 33] with respect to Plaintiff's mixed-motive claim is granted. As this resolves the final claim remaining in this case, a separate judgment will issue.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration, [Dkt. # 48], is denied.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 29, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522